**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

RICHARD BOWER,
ADC #144498                                                                                                          PLAINTIFF

V.                                                    5:14CV00323-JLH-JTK

RAY HOBBS                                                                                                              DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the hearing before the District

1

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**DISPOSITION**

Plaintiff Bower, a state inmate confined at the Cummins Unit of the Arkansas Department of Correction (ADC), filed this pro se 42 U.S.C. § 1983 action, alleging the ADC improperly charges a sales tax on purchases from the prison commissary.

**I.     Screening**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S.

519, 520 (1972). The Court must also weigh all factual allegations in favor of the Plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). But regardless whether a plaintiff is represented or appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir. 1985).

Following the United States Supreme Court's opinion in Ashcroft v. Iqbal, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." 556 U.S. 662, 678, (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id. at 556-7.

**II.    Facts and Analysis**

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived the Plaintiff of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). However, Plaintiff's allegation that the ADC is improperly taxing commissary purchases does not state an actionable constitutional claim. A prisoner does not have a constitutional right with respect to commissary privileges or commissary prices, and "no legal basis for demanding that he be offered commissary items tax-free." Poole v. Stubblefield, No. 4:05-CV-1005-TCM, 2005 WL 2290450 *2 (E.D.Mo. 2005). See also Roberts v. Nixon, No. 1:14-CV-35-SNLJ, 2014 WL

1648840 (E.D.Mo. 2014), and the numerous cases cited therein.[1]

### III. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint against Defendants be DISMISSED with prejudice for failure to state a claim.

2. Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[2]

3. The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

---

[1] "Bright v. Thompson, 2011 WL 2215011, at *4 (W.D. Ky. June 6, 2011) (inmate has no federal constitutional right to purchase items from a commissary at a certain price and without tax); Vega v. Rell, 2011 WL 2471295, at *25 (D. Conn. June 21, 2011) (inmates have no constitutional right to purchase items from a prison commissary, and the Court can discern no federal law that is violated by requiring inmates to pay state sales tax on their purchases); Boyd v. Lasher, 2010 WL 444778, at *2 (E.D.La. Feb. 8, 2010) (inmate's claims of being overcharged for commissary purchases and taxed without representation fail to state a claim of violation of constitutional rights cognizable under § 1983); Verrette v. Randolph, 2009 WL 103715, at *9 (E.D.La.2009) (collection of state taxes on prison commissary purchases does not violate plaintiff's constitutional rights); Tolbert v. City of Montgomery, 2008 WL 819067, at *1 (M.D.Ala. Mar. 25, 2008) (inmates have no constitutionally-protected interest in purchasing goods available through the prison commissary, let alone a protected interest in not paying the tax associated with making purchases; such a claim is "patently absurd"); McCall v. Keefe Supply Co., 71 F.App'x 779, 780 (10th Cir.2003) (inmate's claim that commissary charged outrageous prices failed to state a constitutional claim)." Roberts, 2005 WL 1648840 *2.

[2] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.

IT IS SO RECOMMENDED this 17th day of September, 2014.

                                                                                       _____
                                                                                        JEROME T. KEARNEY
                                                                                        UNITED STATES MAGISTRATE JUDGE